IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TECHNOLOGY INNOVATIONS ASSOCIATES LLC, ) ) ) | |
| Plaintiff, ) ) | C.A. No.  13-352-LPS |
| v. ) ) | **JURY TRIAL DEMANDED** |
| PANTECH CORP. f/k/a PANTECH CO. LTD. and PANTECH WIRELESS, INC., ) ) ) ) | |
| Defendants. ) | |

**DEFENDANT PANTECH WIRELESS, INC.'S
ANSWER, DEFENSES AND COUNTERCLAIMS
TO TECHNOLOGY INNOVATIONS ASSOCIATES LLC'S COMPLAINT**

Defendant Pantech Wireless, Inc. ("PWI"), by and through its undersigned counsel, respectfully submits its Answer, Defenses, and Counterclaims in response to Plaintiff's Complaint For Patent Infringement ("Complaint") as follows:

**THE PARTIES**

1. PWI is without knowledge information sufficient to form a belief as to the truth of these allegations, and on that basis, denies the same.

2. Denied. PWI admits that Pantech Co., Ltd. is a Korean corporation with its principal place of business located at Pantech R&D Center, I-2 DMC Sangam-dong, Mapo-gu, Seoul, 121-792, South Korea. PWI denies that Pantech Co. Ltd., has a postal code of 415865. PWI denies that Pantech Co., Ltd. is a proper party to this action because, on information and belief, Pantech Co., Ltd. was never served by Plaintiff. PWI denies the remaining allegations in this paragraph as Pantech Co., Ltd. and Pantech Wireless, Inc. are separate and distinct corporate entities.

3. Admitted.

**JURISDICTION AND VENUE**

4.      PWI admits that this action is an action for patent infringement under the Patent Laws of the United States, Title 35 of the United States Code, but denies that it has committed any infringement of the patents-in-suit.  PWI admits this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) over actions arising under the Patent Laws of the United States.

5.      PWI admits that it is subject to this Court's personal jurisdiction pursuant to the Delaware long arm statute, *Del Code Ann. Tit. 3 § 3104*, and further admits that it has indirectly conducted business in the State of Delaware.  PWI is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis, denies such remaining allegations.  PWI is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph as to Pantech Co., Ltd., and on that basis, denies such allegations as to Pantech Co., Ltd.

6.      The allegation that venue is proper is a legal conclusion that does not require a response.  PWI admits that it indirectly conducts business in this Judicial District, but denies that a patent infringement cause of action has arisen as a result of its activities, and specifically denies such acts have constituted infringement in this district or elsewhere.  PWI is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph as to Pantech Co., Ltd., and on that basis, denies such allegations as to Pantech Co., Ltd.

**COUNT ONE: ALLEGED INFRINGEMENT OF U.S. PATENT NO. 7,849,619**

7.      PWI denies that U.S. Patent No. 7,840,619 (the "'619 Patent"), entitled "Computer System for Automatic Organization, Indexing and Viewing of Information From Multiple Sources," was duly and legally issued, and denies that the '619 Patent is valid and

enforceable. PWI admits that a copy of the '619 Patent was attached as Exhibit A, but is without knowledge or information sufficient to form a belief if Exhibit A is a true and correct copy, and on that basis, denies the same.

8. PWI is without knowledge or information sufficient to admit or deny if Plaintiff is the sole and exclusive licensee of the '619 Patent. PWI denies that a patent infringement cause of action has arisen as a result of its activities, and specifically denies such acts have constituted infringement in this district or elsewhere. PWI is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, including as to Pantech Co., Ltd., and on that basis, denies such remaining allegations.

9. Denied as to PWI. To the extent Plaintiff's allegations encompass accused products that are/were not made, used, sold, offered for sale, imported, or otherwise disposed of by PWI, PWI is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis, denies such allegations.

10. PWI denies that a patent infringement cause of action has arisen as a result of its activities, and further denies that PWI is liable to Plaintiff for any infringement action. PWI is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph as to Pantech Co., Ltd., and on that basis, denies such allegations as to Pantech Co., Ltd.

11. Denied as to PWI. To the extent Plaintiff's allegations encompass accused products that are/were not made, used, sold, offered for sale, imported, or otherwise disposed of by PWI, PWI is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis, denies such allegations.

**COUNT TWO: ALLEGED INFRINGEMENT OF U.S. PATENT NO. 8,280,932**

12.     PWI denies that U.S. Patent No. 8,820,932 (the "'932 Patent"), entitled "Computer System for Automatic Organization, Indexing and Viewing Multiple Objects From Multiple Sources," was duly and legally issued, and denies that the '932 Patent is valid and enforceable.  PWI admits that a copy of the '932 Patent was attached as Exhibit B, but is without knowledge or information sufficient to form a belief if Exhibit B is a true and correct copy, and on that basis, denies the same.

13.     PWI is without knowledge or information sufficient to admit or deny if Plaintiff is the sole and exclusive licensee of the '932 Patent.  PWI denies that a patent infringement cause of action has arisen as a result of its activities, and specifically denies such acts have constituted infringement in this district or elsewhere.  PWI is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, including as to Pantech Co., Ltd., and on that basis, denies such remaining allegations.

14.     Denied as to PWI.  To the extent Plaintiff's allegations encompass accused products that are/were not made, used, sold, offered for sale, imported, or otherwise disposed of by PWI, PWI is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis, denies such allegations.

15.     PWI denies that a patent infringement cause of action has arisen as a result of its activities, and further denies that PWI is liable to Plaintiff for any infringement action.  PWI is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph as to Pantech Co., Ltd., and on that basis, denies such allegations as to Pantech Co., Ltd.

16.     Denied as to PWI. To the extent Plaintiff's allegations encompass accused products that are/were not made, used, sold, offered for sale, imported, or otherwise disposed of by PWI, PWI is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis, denies such allegations.

## DEFENSES

In addition to the defenses described below, PWI expressly reserves the right to allege additional defenses as they become known through the course of discovery.

### First Defense
### (Non-Infringement)

17.     PWI and products sold by PWI have not infringed and are not currently infringing any valid and enforceable claim of the patents-in-suit.

### Second Defense
### (Invalidity)

18.     Each claim of the patents-in-suit is invalid for failing to satisfy one or more of the conditions of patentability set forth in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and 112.

### Third Defense
### (Statue of Limitations/Laches/Estoppel)

19.     Plaintiff's claims against PWI is barred in whole or in part by the statute of limitations under 35 U.S.C. § 286, doctrine of laches, and/or equitable estoppel.

## Fourth Defense

### (Limitation On Damages)

20. Plaintiff's claims against PWI for relief and prayer for damages are limited by 35 U.S.C. § 287.

## Fifth Defense

### (Prosecution History Estoppel)

21. Plaintiff is estopped from construing any claim of the patents-in-suit to cover or include, either literally or by application of the doctrine of equivalents, any method, system, or apparatus manufactured, used, imported, sold, or offered for sale by PWI because of actions taken and arguments made before the United States Patent and Trademark Office during prosecution of the patents-in-suit.

## COUNTERCLAIMS

Counterclaimant PWI alleges as follows for its Counterclaims against Plaintiff:

1. Pantech incorporates herein paragraphs 1-21 of PWI's Answer and Defenses.

### The Parties

2. Pantech Wireless, Inc. is a Georgia corporation having a principal place of business in Atlanta, Georgia.

3. Plaintiff pleads in its Complaint that it is a corporation organized and existing under the laws of Delaware, and is the owner of the patents-in-suit with the right to enforce the patents-in-suit.

### Jurisdiction

4. These counterclaims arise under Title 35 of the United States Code. The Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202. The Court has personal jurisdiction over Plaintiff by virtue of Plaintiff's filing of the Complaint.

### Venue

5. Venue for these counterclaims is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c), but PWI contends that there may exist more appropriate venues for the claims in the Complaint and in these Counterclaims. To the extent that venue is found to be proper for any of the claims in the Complaint, venue is also appropriate for these Counterclaims.

### First Counterclaim
**(Declaratory Judgment of Non-Infringement)**

6. PWI repeats and incorporates by reference paragraphs 1-21 of PWI's Answer and Defenses and paragraphs 1-6 of PWI's Counterclaims as if fully set forth herein.

7. In its Complaint, Plaintiff alleges that PWI (and PWI products) has in the past and continues to infringe the patents-in-suit. PWI denies all such allegations.

8. An actual controversy exists between PWI and Plaintiff regarding whether PWI (and PWI products) has in the past and continues to infringe the patents-in-suit.

9. PWI is entitled to judgment that PWI (and PWI products) has not and is not now committing infringement of the patents-in-suit.

**Second Counterclaim**

**(Declaratory Judgment of Invalidity)**

10. PWI repeats and incorporates by reference paragraphs 1-21 of PWI's Answer and Defenses and paragraphs 1-10 of PWI's Counterclaims as if fully set forth herein.

11. In its Complaint, Plaintiff alleges that PWI (and PWI products) has in the past and continues to infringe the patents-in-suit. PWI alleges that each claim of the patents-in-suit is invalid for failing to satisfy one or more of the conditions of patentability set forth in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and 112. An actual controversy exists between PWI and Plaintiff whether the claims of the asserted patents-in-suit are valid.

12. PWI is entitled to judgment from this Court that each claim of the asserted patents-in-suit is invalid for failure to meet the requirements of the patent laws under 35 U.S.C. § 1 *et seq*.

**RELIEF**

WHEREFORE, PWI seeks an order granting the following relief:

a. Judgment that the patents-in-suit, and each and every claim thereof, are not infringed by PWI and are invalid;

b. Denial of all relief sought by Plaintiff and dismissal of Plaintiff's Complaint with prejudice;

c. Pursuant to 35 U.S.C. § 285 and/or other applicable laws, a declaration that this is an exceptional case and an award to PWI of its attorneys' fees and expenses incurred in connection with this action; and

d. An Order that Plaintiff pay costs; and

e. Such other and additional relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

PWI demands trial by jury on all issues so triable.

|  |  |
|---|---|
| OF COUNSEL:<br><br>Alan A. Wright<br>Wayne M. Helge<br>Nishat Hasan (#5270)<br>H. C. PARK & ASSOCIATES, PLC<br>1894 Preston White Drive<br>Reston, VA 20191<br>Tel: (703) 544-9204<br>awright@park-law.com<br>whelge@park-law.com<br>nhasan@park-law.com<br><br>Dated: April 25, 2013<br>1103811 / 40138 | POTTER ANDERSON & CORROON LLP<br><br>By:  */s/ Richard L. Horwitz*<br>　　　Richard L. Horwitz (#2246)<br>　　　David E. Moore (#3983)<br>　　　Bindu A. Palapura (#5370)<br>　　　Hercules Plaza, 6th Floor<br>　　　1313 N. Market Street<br>　　　Wilmington, DE  19801<br>　　　Tel: (302) 984-6000<br>　　　rhorwitz@potteranderson.com<br>　　　dmoore@potteranderson.com<br>　　　bpalapura@potteranderson.com<br><br>*Attorneys for Defendant Pantech Wireless, Inc.* |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, Richard L. Horwitz, hereby certify that on April 25, 2013, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I hereby certify that on April 25, 2013, the attached document was electronically mailed to the following person(s)

| | |
|---|---|
| Richard D. Kirk<br>Stephen B. Brauerman<br>Vanessa R. Tiradentes<br>Bayard, P.A.<br>222 Delaware Avenue, Suite 900<br>P. O. Box 25130<br>Wilmington, DE  19899<br>rkirk@bayardlaw.com<br>sbrauerman@bayardlaw.com<br>vitradentes@bayardlaw.com | Paul V. Storm<br>Sarah M. Paxson<br>Gardere Wynne Sewell LLP<br>1601 Elm Street, Suite 3000<br>Dallas, TX  75201<br>pvstorm@gardere.com<br>spaxson@gardere.com |

By:   /s/ Richard L. Horwitz
      Richard L. Horwitz
      David E. Moore
      Bindu A. Palapura
      Hercules Plaza, 6th Floor
      1313 N. Market Street
      Wilmington, Delaware 19899-0951
      (302) 984-6000
      rhorwitz@potteranderson.com
      dmoore@potteranderson.com
      bpalapura@potteranderson.com

1100397 / 40138